UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-3050

**Motion for:** Abeyance

**Caption [use short title]:** Calderon v. U.S. Probation Office

Set forth below precise, complete statement of relief sought:

Abeyance until a final decision in case Calderon v. CoBank et al., 3:24-cv-1603-VDO (D. Conn.)

**MOVING PARTY:** Pablo Calderon
**OPPOSING PARTY:** U.S. Probation Office

☒ Plaintiff ☐ Defendant
☒ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Pablo Calderon, Pro Se
**OPPOSING ATTORNEY:** AUSA Michael McGarry

[name of attorney, with firm, address, phone number and e-mail]

7 Old Parish Rd, Darien, CT, 06820
mobile: +1-203-613-6748
email: sxallc@gmail.com

U.S. Attorney's Office
157 Church Street, New Haven, CT 06510
email: Michael.McGarry@usdoj.gov

**Court- Judge/ Agency appealed from:** U.S. District Court for Connecticut - Hon. Vernon D. Oliver

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested? ☒ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:**
/s/ Pablo Calderon **Date:** 1/8/2025 **Service:** ☒ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# 24-3050-cv

## In the United States Court of Appeals for the Second Circuit

PABLO CALDERON,
*Plaintiff-Appellant,*

v.

U.S. PROBATION OFFICE,
*Defendant-Appellee.*

On Appeal From The United States District Court For The District Of Connecticut No. 3:24-cv-1595-VDO, Hon. Vernon D. Oliver

**APPELLANT PABLO CALDERON'S MOTION FOR ABEYANCE**

Pablo Calderon
*Pro Se*
7 Old Parish Rd
Darien, Connecticut 06820
(203) 613-6748

Appellant respectfully moves this Court to hold in abeyance this Appeal (Dkt. no. 1) until a final decision is reached in the case *Calderon v. CoBank et al.*, case no. 3:24-cv-1603-VDO (D. Conn.). The outcome of that case, which seeks declaratory judgment only, is relevant to the instant case. Appellant believes that this Court will have to deal with the outcome of that case in any event. If the initial decision by the District Court is unfavorable to the Plaintiff in that case, Appellant here, he will surely appeal that decision as well and this Court will have the opportunity to review the decision of the declaratory judgment case. If, on the other hand, the outcome of the District Court declaratory judgment case is favorable to the Appellant here, he will use that determination to show his actual innocence in the instant *habeas* case.

Appellant initially filed the *habeas* case *Calderon v. U.S. Probation Office,* case no. 3:24-cv-1595 (D. Conn.), of which the instant case is the appeal, on October 4, 2024, because October 21, 2024, was the deadline to file a *habeas* action and the last day of Appellant's Supervised Release. Three days later, on October 7, 2024, he filed the complaint seeking declaratory judgment because of its relation

to the *habeas* action *Calderon v. U.S. Probation Office*. In the *habeas* case he moved the District Court to hold in abeyance that case in District Court until the final decision in the declaratory judgment case, but the District Court denied that motion. Case no. 3:24-cv-1595-VDO, Dkt. nos. 11 and 13. Appellant simply renews that motion here on appeal of the *habeas* case.

## BACKGROUND

In November 2016, a jury found Appellant guilty of one count of wire fraud, 18 U.S.C. § 1343, and one count of conspiracy to commit wire fraud and bank fraud, 18 U.S.C. § 1349. *United States v. Lillemoe, et al.*, Case no. 3:15-cr-25-JCH-VDO (D. Conn.). In March of 2017, the district court denied Appellant's Rule 29 motion and, in June of 2017, convicted Appellant. In March 2020, this Court affirmed Appellant's counts of conviction and reversed in its entirety the restitution of more than $18mm to the United States Department of Agriculture ("USDA"). *United States v. Calderon et al.,* Case no. 17-1956. Appellant served the incarceration portion of the sentence, and the 3-year term of supervised release ended on October 21, 2024. In June 2022, the district court denied Appellant's Motion

pursuant to 28 U.S.C. § 2255 and, also, *sua sponte*, denied a Certificate of Appealability. *Calderon v. United States,* case no. 3:21-cv-724-JCH. In November 2022, the Circuit Court denied Appellant's appeal for the denial of the Certificate of Appealability. Case no. 22-1427.

Specifically, Appellant was convicted of committing fraud as the beneficiary in certain letters of credit ("LC") confirmed by CoBank and Deutsche Bank, New York Branch ("DB"), who are defendants in related case *Calderon v. CoBank et al.*, case no. 24-cv-1603-VDO (D. Conn.) Both banks are the alleged victims of fraud. The substantive fraud charge only involved one LC confirmed by CoBank. The conspiracy charge involved LCs confirmed by both CoBank and DB, including the LC of the substantive charge. The courts' theory of conviction was that Appellant's misrepresentations caused the banks to honor presentations when the confirming banks had the right to dishonor, thereby exposing the confirming banks to potential harm. The courts' theory is plainly contrary to the text of the Uniform Commercial Code Article 5 ("UCC") of the States of Colorado and New York.

## ARGUMENT

Appellant admits that the legal situation here is complicated. Why file a declaratory judgment complaint in the first place? The answer is to be found in the history of the related criminal case *U.S. v. Lillemoe et al.*, case no. 3:15-cr-25-JCH-VDO. There in the original action Rule 29 Motion and later on appeal, Appellant argued that the courts decision to create a right to dishonor is contrary to the Uniform Commercial Code Article 5 ("UCC"). No court, on those occasions and since, has explained why UCC does not apply to Appellant's cases, though they have had many occasions to do so. In Appellant's view that ongoing refusal to consider applicable law is a denial of Appellant's constitutional rights to due process and equal protection. Appellant filed the declaratory judgment case simply as an attempt to isolate the issue and force the courts to resolve it once and for all. The situation is now complicated not by Appellant's actions but because of the courts' actions or lack thereof. Until the courts explicitly address the issue of why circumventing UCC accords with Appellant's constitutional rights he will continue litigating the issue. Judicial economy is totally out of the window here. But

Appellant believes his constitutional rights supersede any policy of judicial economy or discretion.

For the foregoing reasons, the logical order to resolve the issues is first the declaratory judgment and only then the *habeas* case. If this Court denies the instant Motion for Abeyance, then the same issues will be simultaneously litigated in two distinct cases possibly at District Court and at Appeals Court because Appellant will make sure to raise the same issues in both courts. If only to recover some judicial economy this Court should grant the instant Motion for Abeyance.

## CONCLUSION

Appellant requests that this Court hold in abeyance the instant appeal to case *Calderon v. U.S. Probation Office*, case no. 3:24-cv-1595-VDO (D. Conn.) until a final decision is reached in *Calderon v. Cobank et al.*, 3:24-cv-1603-VDO (D. Conn.). If a declaratory judgment is reached in that case, it may significantly shorten the process in the instant case thus contributing significantly to judicial economy.

Respectfully submitted,

/s/ Pablo Calderon

Pablo Calderon
7 Old Parish Rd
Darien, CT 06820
(203) 613-6748
sxallc@gmail.com

Dated: January 8, 2025

## CERTIFICATE OF SERVICE

I, Pablo Calderon, certify that on January 8, 2025, this Motion for Abeyance was sent via email for filing to

criminalcases@ca2.uscourts.gov

and notification was sent to attorneys for the opposing party,

AUSA Michael McGarry at Michael.McGarry@usdoj.gov

AUSA Sandra Glover at Sandra.Glover@usdoj.gov

I am currently obtaining authorization to file electronically in this case. No other party need be notified.

/s/ *Pablo Calderon*
Pablo Calderon
*Pro Se*
7 Old Parish Rd, Darien, CT 06820
(203) 613-6748
sxallc@gmail.com